Oldham, J., delivered the opinion of the court. This was an action of debt instituted in the circuit court of Independence county, by Ringgold, as the partner, and Williams, as assignee of Henry R. Hynson, a bankrupt, against Peel & Pelham. Pelham appeared at the first term of the court and filed his demurrer to the declaration, which was overruled by the court. He then filed two pleas, the first denying that Williams was the assignee of Hynson, and the second denying that Hynson wras a bankrupt; the plaintiffs demurred to both pleas, and the demurrer was sustained to the first and overruled as to the second. Pelham also filed a plea of payment which at the next term he withdrew. At the next term the defendant, Peel, appeared and filed his plea of payment» •and upon this plea and that of Pelham, the cause was submitted to the court without a jury, who found in favor of the plaintiffs, and gave judgment accordingly. The suit was properly brought in the name of the solvent partner and assignee of the bankrupt. 1 Chitty, 16. Murray vs. Murray 5, J. C. R., 70. The plea of Pelham, to which the demurrer was sustained, denies the right of the plaintiff, Williams, to sue. It is not a plea in abatement to the disability of the person, such as, that the plaintiff is an alien enemy, attainted of treason or felony, infancy, &c., but denies his right to maintain the suit, because he has no interest whatever in the subject matter in controversy. The plea goes to the merits of the case and denies that the plaintiff has any cause of action. 1 Chitty, 407. The true distinction between what should be pleaded in bar and what in abatement, is clearly stated in 1 Chitty Pl., 386. It is there said that “whenever the subject matter of the plea or defence -is, that the plaintiff cannot maintain any action at any time in respect of the supposed cause of action, it may and usually should be pleaded in bar: but matter which merely defeats the present proceeding and does not show that the plaintiff is forever concluded, should in general be pleaded in abatement.” The question, whether the testimony offered by the plaintiffs below, was legal or competent does not arise at this time. If the plaintiffs in error intended to except to its admissibility, they should have done so at the time it was offered. For the error in sustaining the demurrer to Pelham’s first plea, the judgment of the circuit court is reversed.*